[905 NYS2d 769]

In the Matter of ROBERT F. HAYES, Petitioner, v CITY OF NEW YORK DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES et al., Respondents.

Supreme Court, New York County, July 20, 2010

**APPEARANCES OF COUNSEL**

*Robert F. Hayes*, petitioner pro se. *Shakera Khandakar* for respondents.

**OPINION OF THE COURT**

ALEXANDER W. HUNTER, JR., J.

The application by pro se petitioner for an order pursuant to CPLR article 78, seeking to prevent the Test Validation Board of the New York City Fire Department from marking three questions void on the answer key for the August 16, 2008 Battalion Chief examination, is dismissed on the ground that petitioner failed to file his motion within the relevant statute of limitations.

Petitioner Robert Hayes is a Captain in the New York City Fire Department and is eligible for promotion to the rank of Battalion Chief. Hayes sat for Promotion to Battalion Chief Examination No. 8511 on August 16, 2008 and received notice of the final answer key guide, with the rest of his colleagues who sat for this examination, through a letter dated mid-December 2008. The Test Validation Board for this examination initially proposed answers to questions 15, 46 and 85 that were A, A and D, respectively. Hayes answered these questions correctly according to the proposed answer set. However, in its final determination, the validation board allowed A, B, C and D to be correct answers for each of the three questions. Hayes asserts that by effectively voiding these questions, rather than more judiciously allowing only alternate answers that were as good as or better than the proposed answers upon protest, the Test Validation Board acted outside the scope of its authority per Civil Service Law § 50-a.

CPLR 217 (1) states in pertinent part that "[u]nless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner . . . ." The "law authorizing the proceeding" in the instant case is Civil Service Law § 50-a, which provides:

> "A candidate aggrieved by the determination of the test validation board may file a petition in supreme court pursuant to article seventy-eight of the civil practice law and rules in accordance with subdivision seven of section fifty of this chapter. Such petition must be filed within thirty days after service of the notice of availability of the determination of the test validation board upon the protesting candidate in accordance with the provisions of this section."

Hayes was given notice of the Test Validation Board's determination on December 17, 2009 and did not file a petition under

article 78 until April 12, 2010, nearly four months later, and nearly three months after the 30-day requirement as set forth in Civil Service Law § 50-a. Therefore, this petition is outside of the statute of limitations and is hereby dismissed.

Petitioner further argues that the Test Validation Board's determination was outside the scope of its authority, and that petitioner is therefore permitted a four-month statute of limitations, since Civil Service Law § 50-a does not apply. The plain language of Civil Service Law § 50-a indicates to the contrary. The purpose of an article 78 proceeding, utilizing CPLR 7803 (3) as this case does specifically, is to permit the aggrieved candidate an opportunity to argue why the determination of the administrative agency was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]). This is precisely the issue at bar and within the scope of Civil Service Law § 50-a.

Additionally, respondents argue in a cross motion that this case should be dismissed for failure to join necessary parties under CPLR 1001, and because petitioner fails to state a cause of action. These arguments are rendered moot by this court's dismissal on statute of limitations grounds.

Accordingly, it is hereby adjudged that the petition is denied and the proceeding is dismissed, without costs and disbursements to the respondents.